STATE OF LOUISIANA                          NO. 22-K-395

VERSUS                                      FIFTH CIRCUIT

SHANTEL PARRIA                              COURT OF APPEAL

                                            STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Susan S. Buchholz*
Susan S. Buchholz
Chief Deputy, Clerk of Court

August 23, 2022

Susan Buchholz
Chief Deputy Clerk

IN RE STATE OF LOUISIANA

---

APPLYING FOR SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE E. ADRIAN ADAMS, DIVISION "G", NUMBER 18-4457

---

Panel composed of Judges Marc E. Johnson,
John J. Molaison, Jr., and June B. Darensburg

**WRIT GRANTED**

The State seeks review of the trial court's August 22, 2022 ruling granting defendant's Motion to Exclude Testimony and Images of Neuroradiologist. For the following reasons, this writ application is granted.

On November 8, 2018, a Jefferson Parish Grand Jury indicted defendant, Shantel M. Parria, with the second degree murder of Troy Smith. On February 25, 2022, the State filed "Notice Pursuant to Louisiana Code of Criminal Procedure Article 719." In its notice, the State asserted that it was providing the following information with regard to the testimony of expert witnesses in this case:

1. Dr. John Joslyn (Neuroradiologist, Tulane Medical Center)
   Dr. Joslyn, while working for East Jefferson General Hospital, was hired as a consultant to the Jefferson Parish Coroner's Office after the autopsy of Sgt. Troy Smith. Dr. Joslyn's records, radiology slides and other materials have been previously provided to defense counsel in pretrial discovery. His Curriculum Vitae is attached to this notification.

   **WHEREFORE**, the State of Louisiana respectfully submits that the aforementioned evidence is admissible under the above statutory authority.

(*See* notice, Exhibit G, attached to the writ application).

On March 3, 2022, defendant filed Motion to Exclude Testimony and Images of Neuroradiologist. In his motion, defendant moved the trial court to exclude all references to and/or viewing of the three-dimensional (3D) computer-generated images created by Dr. Joslyn. Defendant argued that the testimony of

22-K-395

Dr. Joslyn should be excluded because he is not qualified to give an opinion regarding the trajectory of the bullet, and he has no opinion regarding the exit wound or the trajectory of the bullet. Defendant further argued that Dr. Joslyn's involvement in this proceeding does not establish any reliable "*Daubert* standard" evidence, that his 3D imagery does not exhibit an exit wound, and that the opinions of Dr. Dana Troxclair, the State's pathologist, and JPSO Deputy Chief Timothy Scanlan are flawed as they are based on this imagery.

The minute entry dated March 15, 2022 reflects that defendant waived her Motion to Exclude Testimony and Images of Neuroradiologist at that time. On April 6, 2022, defendant's first trial began; however, the trial court subsequently granted defendant's motion to continue.

During new trial proceedings on August 22, 2022, a hearing was held on defendant's Motion to Exclude Testimony and Images of Neuroradiologist. After hearing arguments of counsel, the trial court granted defendant's motion, stating that it would not allow the State to qualify Dr. Joslyn as an expert if he did not have a written report. The State then proffered questions to Dr. Joslyn even though he was not present.

In this writ application, the State argues that the trial court erred by granting defendant's motion. The State contends that it filed its Article 719 notice well in advance of trial. It pointed out that Article 719 does not exclusively require a report, and that in the instant case, a report would make no sense given that Dr. Joslyn has no opinion that would necessitate a report. The State noted that Dr. Joslyn's testimony would essentially be relative to how he created and prepared the 3D images at issue. The State asserted that as noted in its Article 719 notice, it provided Dr. Joslyn's records, radiology slides, and other materials to defense counsel in pretrial discovery so as to satisfy the requirements of Article 719. Further, the State contends that although defense counsel initially moved to exclude Dr. Joslyn's testimony and images, defense counsel explicitly waived that motion in advance of the first trial but then this morning sought to revive that objection.

In his opposition to the writ application, defendant argues that the trial court did not err by granting his motion. He contends that the State failed to abide by the controlling law of Article 719 by failing to provide defense counsel a list of materials upon which Dr. Joslyn's conclusion is based and his opinion and the reason therefor. Defendant relies on *State v. Joekel*, 19-334 (La. App. 5 Cir. 12/20/19), 2019 WL 7044739, *writ denied*, *stay denied*, 20-86 (La. 1/14/20), 286 So 3d 430 in support of his motion.

La. C.Cr.P. art. 719 provides in pertinent part:

> A. Upon written motion of the defendant, the court shall order the district attorney to permit or authorize the defendant to inspect and copy, photograph, or otherwise reproduce any results or reports, or copies thereof, of a physical or mental examination, and of scientific tests or experiments, made in connection with or material to the particular case, that are in the possession, custody, control, or knowledge of the district attorney and intended for use at trial. If the witness preparing the report will be called as an expert, the report shall contain the witness's area of expertise, his qualifications, a list of

2

materials upon which his conclusion is based, and his opinion and the reason therefor. If the expert witness has not reduced his results to writing, or if the expert witness's written report does not contain the information required of an expert as provided in this Article, the state must produce for the defendant a written summary containing any information required to be produced pursuant to this Article but absent from a written report, if any, including the name of the expert witness, his qualifications, a list of materials upon which his conclusion is based, and his opinion and the reason therefor.

In the instant case, we find that the trial court erred by granting defendant's Motion to Exclude Testimony and Images of Neuroradiologist. We find that the State met the notice requirement in Article 719, and that based on the proffered questions at the hearing, Dr. Joslyn is not offering an expert opinion, rather, he is only providing a foundation for the 3D scans. Further, the State provided defendant the name of the expert witness, his qualifications, and Dr. Joslyn's records, radiology slides, and other materials.

Also, we find that *Joekel* is distinguishable from the instant case. In *Joekel*, the State argued that it satisfied its disclosure requirements by providing the defendant with written notice that Mr. Scanlan would opine that the autopsy findings and physical evidence were consistent with "eyewitness accounts given by deputies." This Court in *Joekel* found that in order to reach this conclusion, Mr. Scanlan had to conduct examinations and tests of the relevant evidence which would be presented to the jury during his trial testimony. In *Joekel*, this Court was of the opinion that disclosure of the various examinations and/or test results used by Mr. Scanlan to formulate his conclusory opinion was necessary for the defendant's adequate preparation for trial and to cross-examine the expert, and must be given to the defense. In the instant case, unlike *Joekel*, the State provided defendant with Dr. Joslyn's records, radiology slides, and other materials, and Dr. Joslyn, unlike Mr. Scanlan, will not be offering an expert opinion. Rather, as was stated above, Dr. Joslyn's testimony would be relative to how he created and prepared the 3D images at issue.

Furthermore, the minute entry dated March 15, 2022 reflects that defendant waived her Motion to Exclude Testimony and Images of Neuroradiologist at that time.

Accordingly, this writ application is granted. The ruling of the trial court granting defendant's Motion to Exclude Testimony and Images of Neuroradiologist is reversed, and the stay is lifted.

Gretna, Louisiana, this 23rd day of August, 2022.

**JBD**
**JJM**

3

STATE OF LOUISIANA                          NO. 22-K-395

VERSUS                                      FIFTH CIRCUIT

SHANTEL PARRIA                              COURT OF APPEAL

                                            STATE OF LOUISIANA


## JOHNSON, J., CONCURS WITH REASONS

I concur with the majority's disposition because the Defense waived their Motion to Exclude Images and Testimony of Neuroradiologist. Otherwise, I do not find that the district court abused its discretion in finding that the State should have provided additional information to the defense pursuant to La. C.Cr.P. art. 719 as a few of the questions proffered by the State may elicit opinion testimony.


**MEJ**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

.
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **08/23/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-K-395**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable E. Adrian Adams (DISTRICT JUDGE)
Leo J. Palazzo (Respondent)          Thomas J. Butler (Relator)
Jason J. Markey (Respondent)         Darren A. Allemand (Relator)
                                     Mario A. Arteaga, Jr. (Respondent)

### MAILED

Davin R. Savoy (Respondent)          Honorable Paul D. Connick, Jr. (Relator)
Attorney at Law                      District Attorney
732 Behrman Highway                  Twenty-Fourth Judicial District
Suites F & G                         200 Derbigny Street
Gretna, LA 70056                     Gretna, LA 70053